CW
555

1    **COMPLAINT BY A PRISONER UNDER THE CIVIL RIGHTS ACT, 42 U.S.C §§ 1983**

2    Name  MARLOW      JAMES       G.

3         (Last)                (First)              (Initial)

4    Prisoner Number  E-32700

5    Institutional Address SAN Quentin state PRISON, CA, 94974

6

7

8                        **UNITED STATES DISTRICT COURT**
                         **NORTHERN DISTRICT OF CALIFORNIA**

9    James Gregory MARLow                    )
     (Enter the full name of plaintiff in this action.)    )    **CV 07-3655**
                                            )
10              vs.                          )
                                            )    Case No. _____
11   R.L, AYERS JR, WARDen SQ               )    (To be provided by the Clerk of Court)
                                            )
12   ASSo. warden D. OAKAWAY                 )    **COMPLAINT UNDER THE**
                                            )    **CIVIL RIGHTS ACT,**
13   Capt. R.W. Fox                          )    **Title 42 U.S.C § 1983**
                                            )
14   SGt. Holt. Lt Puckett, Lt Leo etc      )
     (Enter the full name of the defendant(s) in this action)    )
15                                          )

16   *[All questions on this complaint form must be answered in order for your action to proceed..]*

17   I.    Exhaustion of Administrative Remedies.

18         [**Note:** You must exhaust your administrative remedies before your claim can go

19         forward. The court will dismiss any unexhausted claims.]

20         A.    Place of present confinement San Quentin state Prison CA.

21         B.    Is there a grievance procedure in this institution?

22               YES (X)      NO ( )

23         C.    Did you present the facts in your complaint for review through the grievance

24               procedure?

25               YES (X)      NO ( )

26         D.    If your answer is YES, list the appeal number and the date and result of the

27               appeal at each level of review. If you did not pursue a certain level of appeal,

28               explain why.

COMPLAINT                          - 1 -

1. Informal appeal _Staff complaint Response #CSQ-0200815_
_Alw O-Dacaney marked Partially Granted._
_But SQ staff keep Threatening to kill me for my legal mail._

2. First formal level _____

_ll_

_ll_

3. Second formal level _Slayed in wardens place_
_cant make out the name? Again marked P-Granted_
_staff are lieing And Playing Games._

4. Third formal level _Directors level stamped Nov 7-07_
_Received by me 11-13-07 SQ marked Denied_
_Threats over mail And legal visits continue._

E.    Is the last level to which you appealed the highest level of appeal available to you?

YES (X)    NO ( )

F.    If you did not present your claim for review through the grievance procedure, explain why. _____

_N/A_

_____

II.    Parties.

A.    Write your name and your present address. Do the same for additional plaintiffs, if any.

_James G. Marlow E-32700 San Quentin State Prison_
_Housing 2-East Block. 76._

_____

B.    Write the full name of each defendant, his or her official position, and his or her place of employment.

_R. Ayers SR Warden SQ Prison. AB Scwarden O, Dacanay_
_SQ Prison_

COMPLAINT                    - 2 -

1   Lt, Pickett, SQ Prison   Sgt, Holt, SQ East Block.

2

3

4

5   III.    Statement of Claim.

6       State here as briefly as possible the facts of your case.  Be sure to describe how each

7   defendant is involved and to include dates, when possible.  Do not give any legal arguments or

8   cite any cases or statutes.  If you have more than one claim, each claim should be set forth in a

9   separate numbered paragraph.

10  Alot of my info is Respectfully logged in on civil

11  writ with said Hon court #4:07-CV-03655-CW

12  filed 7-Jul-07 A 10-58AM without exhausted Prison

13  Appeal Attached And Reason stated.

14  This is an Emergency life threatening situation.

15  Associate Warden Mr. Doherty Capt. Lewis, Rox. Lt. Al

16  Pickett w/m. w/m Sgt Holt. And Many officers And

17  Some Psych staff Promise I'll be killed for my legal

18  mail And legal visits with fed Pub. Defender CA, CA

19  legal staff working on my Capatial Appeal in CA.

20  Please. I'd never kill myself or harm staff. Also

21  yard situps are threatened by sgt. Holt etc. when I

22  name A section Lt. they often switch An Do the same things!

23  IV.    Relief.

24      Your complaint cannot go forward unless you request specific relief.  State briefly exactly

25  what you want the court to do for you.  Make no legal arguments; cite no cases or statutes.

26  I'd like the Hon court to order these SQ staff to

27  stop threatening me for mail And visits And

28  And investigate these matters or Duress for

COMPLAINT                          - 3 -

1  Normal Due Process, And make staff involved
2  Pay Fon the Acute stress I've been subjected
3  to.

4  _____

5  I declare under penalty of perjury that the foregoing is true and correct.

6

7  Signed this ___13___ day of ___Nov___, 20_0 7_

8

9  _James Gregory Marlow_

10                           (Plaintiff's signature)

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COMPLAINT**                           - 4 -

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### INSTRUCTIONS FOR PRISONER'S
### IN FORMA PAUPERIS APPLICATION

You must submit to the court a completed Prisoner's In Forma Pauperis Application if you are unable to pay the entire filing fee at the time you file your complaint or petition. Your application must include copies of the prisoner trust account statement showing transactions for the last six months and a certificate of funds in prisoner's account, signed by an authorized officer of the institution.

A.    **Non-habeas Civil Actions**

Effective April 9, 2006, the filing fee for any civil action other than a habeas is $350.00. Even if you are granted leave to proceed in forma pauperis, you must still pay the full amount of the court's filing fee, but the fee will be paid in several installments. 28 U.S.C. § 1915.

You must pay an initial partial filing fee of 20 percent of the greater of (a) the average monthly deposits to your account for the 6-month period immediately before the complaint was filed or (b) the average monthly balance in your account for the 6-month period immediately before the complaint was filed. The court will use the information provided on the certificate of funds and the trust account statement to determine the filing fee immediately due and will send instructions to you and the prison trust account office for payment if in forma pauperis status is granted.

After the initial partial filing fee is paid, your prison's trust account office will forward to the court each month 20 percent of the most recent month's income to your prison trust account, to the extent the account balance exceeds ten dollars ($10.00). Monthly payments will be required until the full filing fee is paid. If you have no funds over ten dollars ($10.00) in your account, you will not be required to pay part of the filing fee that month.

If your application to proceed in forma pauperis is granted, you will be liable for the full $350.00 filing fee even if your civil action is dismissed. That means the court will continue to collect payments until the entire filing fee is paid. However, if you do not submit this completed application the action will be dismissed without prejudice and the filing fee will not be collected.

B.    **Habeas Actions**

The filing fee for a habeas action is $5.00. If you are granted leave to proceed in forma pauperis you will not be required to pay any portion of this fee. If you are not granted leave to proceed in forma pauperis you must pay the fee in one payment and not in installments. If you use a habeas form to file a non-habeas civil action, you will be required to pay the $350.00 filing fee applicable to all non-habeas civil actions.

IFP APPLI.-PRISONER (Rev. 2/05)

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

# DIRECTOR'S LEVEL APPEAL DECISION

Date:    NOV 0 7 2007

In re:   James Marlow, E32700
         California State Prison, San Quentin
         San Quentin, CA 94964

IAB Case No.: 0705205          Local Log No.: SQ-07-00815

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner Rick Manuel, Facility Captain. All submitted documentation and supporting arguments of the parties have been considered.

**I   APPELLANT'S ARGUMENT:** It is the appellant's position that he has been subjected to staff misconduct by numerous custodial staff. The appellant relates that on February 18, 2007, Correctional Officer (CO) J. Ward and CO R. Moore stood in front of his cell and asked, "Going to the yard Marlow, you know that we're gonna suicide ya for all that mail." The appellant states that he did not respond and he did not go to the yard. On February 19, 2007, several officers passed by his cell during yard release stating, "Marlow your gonna die for all that mail out of San Quentin State Prison (SQ), you were warned." The appellant requests on appeal that he be afforded a polygraph exam and that supervisory staff take control of their subordinates, and calm them down.

**II   SECOND LEVEL'S DECISION:** The reviewer found that the appellant has not been subjected to misconduct on the part of named staff. The reviewer affirms that appropriate supervisory staff have been assigned to conduct an appeal inquiry into this matter. The inquirer reviewed the submitted material and interviewed the involved parties. In that an appeal inquiry has been conducted into the appellant's concerns, the reviewer considers the appeal granted in part at the Second Level of Review (SLR).

**III   DIRECTOR'S LEVEL DECISION:** Appeal is denied.

   **A.   FINDINGS:** Upon review of the documentation submitted, it is determined that the appellant's allegations have been reviewed and evaluated by administrative staff and an appeal inquiry has been completed at the SLR.

   In the event that staff misconduct was substantiated, the institution would take the appropriate course of action. All staff personnel matters are confidential in nature and not privy to the inquiries of other staff, the general public or the inmate population, and would not be released to the appellant. However, upon completion of final review, or culmination of an investigation, the appellant is to be notified by the respective investigative body that an inquiry has been completed. On October 26, 2007, the examiner reviewed the related confidential report and determined that staff fully complied with the requirements of Administrative Bulletin 05/03.

   **B.   BASIS FOR THE DECISION:**
   California Penal Code Section: 832.7, 832.8
   California Code of Regulations, Title 15, Section: 3004, 3391

   **C.   ORDER:** No changes or modifications are required by the Institution.

.JAMES MARLOW, E32700
CASE NO. 0705205
PAGE 2

This decision exhausts the administrative remedy available to the appellant within CDCR.

N. GRANNIS, Chief
Inmate Appeals Branch

cc:     Warden, SQ
        Appeals Coordinator, SQ

**INMATE/PAROLEE
APPEAL FORM**
CDC 602 (12/87)

| Location: | Institution/Parole Region | Log No. | Category |
|---|---|---|---|
| 1. | SQ | 1. 07-00815 | ① |
| 2. | | 2. | |

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly. CDO. R Ward, Mobee, C.M. Love, CC Clark.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| James G. Marlow | E-32700 | Condemned | 2-EB-76 |

A. Describe Problem: Staff are threating to kill me as a suicide

or heartack for mail out of SQ Prison

and 602 appeals.

Attached info. and Officer involved name list.

If you need more space, attach one additional sheet.

B. Action Requested: To be given some kind of lie test.
And also - have the staff leaders. calm these
and other officers down, I Repent for stiring them
up - But I have to have my mail. Respectfully,

Inmate/Parolee Signature: James G. Marlow      FEB 26 REC'T  Date Submitted: 2-19-07

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: _____

**Bypass**

RECEIVED
INMATE APPEALS
BRANCH
AUG 14 2007

Staff Signature: _____  Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

**Bypass**

Signature: _____  Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed
Board of Control form BC-1E, Inmate Claim

CDC Appeal Number:

First Level ☐ Granted ☑ P. Granted ☐ Denied ☐ Other    FEB 2 6 2007    Due Date: APR 0 9 2007

E.  REVIEWER'S ACTION (Complete within 15 working days): Date assigned: _____    Returned

Interviewed by: _____

_____

_See attached_

_____

_____

_____

Staff Signature: _Signatures on attachment_ Title: _____    Date Completed: _____

Division Head Approved:

Signature: _D. J. Ramey_ Title: _AW_ APR 05 RED'   Date to Inmate: 4/5/07
                                                    APR 0 6 RECD

F.  If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

Respectfully Just what is P-Granted?
Staff work together on this old cat mouse game of "it's all
in marlow's mind" I'm not Paranoid. I'm concerned because of
staff threats of staged suicides, induced heartattacks etc. See Marlow

Signature: _James L. Marlow_    APR 27 RECD  Date Submitted: 4-20-07

Second Level ☐ Granted ☑ P. Granted ☐ Denied ☐ Other    APR 27 2007

G.  REVIEWER'S ACTION (Complete within 10 working days): Date assigned: _____    Due Date: MAY 2 5 2007

☑ See Attached Letter

Signature: _K. Chandler-Macaray_    Date Completed: 7-10-7

Warden/Superintendent Signature: _____    JUL 2 0 RECD  Date Returned to Inmate: _____

H.  If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

Staff continue to lie and play the mental health
game. Many staff discuss me, my mail, my harm
in unit meetings, I believe, because where they
met but of them, many threaten me.
I have the right to live without the threat of harm.
Respectfully, I'm not suicidal nor paranoid.

Signature: _James L. Marlow_    Date Submitted: 8-2-07

_(left margin, vertical) leave me by my self_

_(right margin, vertical) see Attachment._

For the Director's Review, submit all documents to:  Director of Corrections
                                                     P.O. Box 942883
                                                     Sacramento, CA 94283-0001
                                                     Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION: ☐ Granted ☐ P. Granted ☑ Denied ☐ Other _____
☑ See Attached Letter
                                                     Date: NOV 0 7 2007

CDC 602 (12/87)

(Emergency Danger Warning)    2-18-07  2-19-07 #1

James G. Marlow E-32700
San Quentin State Prison
San Quentin - CA. 94974
cell 2-East Block #76

Copy- Family
State board Personal
Press
SQ

C.DoC. Officer Death Threats SQ Prison

On 2-18-07 white male Officer Mr. Ward working 2nd floor bayside East Block was unlocking cell Doors for Yard Release - while standing in front of my cell 2-EB-76 with Black male Officer Mr. More. Both men stated - Going to yard Marlow - And you know we're gonna suicide ya for all that mail. I didnot respond - and they left the area. I didnot go to yard this day!

On 2-19-07 while running yard again Officer Ms Thomason and Ms Love - while passing by cell 2-EB-76 and Officer ~~Bane~~ Mr. Bane - ~~xxxxxx~~ Mr. Clark. Mr. Crestline and others remarked - Marlow your gonna die for all that mail out of SQ - You were warned!

I will be happy to submit to any type of lie test with these officers about staff threats to kill Marlow - or have me killed! Respectfully - James G. Marlow
E-32700 2-19-07

4-12-07

Emergency Attachment
602 Appeal   CSQ-6-0700815
Answer to April -1st-07 Staff Response

Mail issue - I Receive about one letter
a month!
I write my wife alot - Bro's sis! And many
pen pals.

Maybe it's Just a flux but my wife has
called SQ befor about 16 day old mail not
yet leaving the Prison!

So it's possible mail is being Returned to sender
or stored up somewhere in SQ or East Block -

it's Not Normal for my mail to be one letter a
month or take 16 days to be mailed out of SQ
Can you help me out? Please,

Respectfully
J. G. Marlow

See back page
←

E-32700
2-EB-76

STAFF SAY that I SAY that they want me to
Kill myself over the mail and state food—
That is not what is Going on in SQ

staff SAY they will Kill me or have another
inmate Do it to me. while I'm subdued by STAFF

and later OFFICER'S will claim I killed MYSELF.

If MARLOW TURNS in U.S. STAMPED mail or eats

state food— he will commit suicide!

STAFF SAy this stuff to me!

Lets All take A Lie test!

sincerely
J. G. Marlow
E-32700
2 EB 76
4-12-07

``State of California

California Department of Corrections and Rehabilitation

# Memorandum

Date    :    April 1, 2007

To      :    **MARLOW (E-32700)**
             **2-EB-76**

Subject:    **STAFF COMPLAINT RESPONSE - APPEAL # CSQ-6-0700815**

**APPEAL ISSUE:** In your appeal you allege on Sunday, February 18, 2007, Officer J. Ward was preparing for yard release unlocking cells doors on the 2nd tier bayside. Officer Ward and Officer R. Moore were standing in front of your cell (2-EB-76) when both officers asked you, "Going to yard MARLOW, and you know we're gonna suicide ya for all that mail." MARLOW claims he did not respond to the comments and did not go to yard for that day. Additionally, on Monday, February 19, 2007, MARLOW alleges during yard release staff (Officers G. Thomson, C. Love, D. Baine, Z. Clark, D. Chrystaline and other unidentified staff) passed by your cell and stated, "MARLOW your gonna die for all that mail out of SQ, you were warned."

**DETERMINATION OF ISSUE:** A review of the allegations of staff misconduct presented in the written complaint has been completed. Based upon this review your appeal has been handled as follows:

☒ PROCESSED AS A STAFF COMPLAINT APPEAL INQUIRY
☐ REFERRED TO THE OFFICE OF INTERNAL AFFAIRS (Note: You will be notified of the conclusion of any internal affairs investigation)

**SUMMARY FOR APPEAL INQUIRY:**
On Tuesday, March 13, 2007, I interviewed inmate MARLOW (E-32700), in the East Block Lieutenant's office in reference to CDC602 Log # CSQ-6-07-00815. During the interview I had Officer Perez exit my office in an effort to give MARLOW privacy to explain his issues and concerns. MARLOW attempted to explain he has issues of being paranoid. On occasion inmates on his assigned tier (2-EB-76) have told him staff wants him to commit suicide because he sends out too much mail. However, MARLOW would not identify these inmates by name to support or substantiate his allegations. Additionally, MARLOW said he overheard staff walk by his cell and threaten him by saying he was going to commit suicide if he did not stop sending out all his mail. During the interview MARLOW would not identify staff by name but was extremely apologetic saying he did not want to cause any trouble. I asked MARLOW if he has been taking medication and he confirmed that he was. I informed MARLOW that I was concerned about his paranoia and that I was going to refer him for a mental health evaluation because of self-admission of being paranoid. MARLOW stated he did not like talking to the psychologist but nodded his head as if to agree with my referral. I asked MARLOW if he had any issues with a specific staff member or had difficulty sending out or receiving his mail. MARLOW confirmed he did not have any issues with staff and has not had any problems with his mail.

Appeal Log #CSQ-6-07-00815
Inmate MARLOW (E-32700)

**FINDINGS FOR AN APPEAL INQUIRY:**
Your appeal is PARTIALLY GRANTED at the ☒ First level ☐ Second level, as an inquiry into your allegation has been conducted. ALL STAFF PERSONNEL MATTERS ARE CONFIDENTIAL IN NATURE. As such, results of any inquiry/investigation will not be shared with staff, members of the public, or inmates. Although you have the right to submit a staff complaint, a request for administrative action regarding staff or the placement of documentation in a staff member's personnel file is beyond the scope of the staff complaint process.

Allegations of staff misconduct do not limit or restrict the availability of further relief via the inmate appeals process. If you wish to appeal the decision, you must submit your staff complaint appeal through all levels of appeal review up to, and including, the Director's Level of Review. Once a decision has been rendered at the Director's Level of Review, your administrative remedies will be considered exhausted.

Please print and sign below:

D. DACANAY
Warden/CDW/HCM (Second Level)    AW/Med. Mgr. (First Level)    Date

4/3/07

D. Dacanay

`` State of California

Attachment E    2/21/06

# Memorandum

Date    :    July 10, 2007

To    :    MARLOW, E-32700
2-EB-76, CSP SAN QUENTIN STATE PRISON

Subject:    **STAFF COMPLAINT RESPONSE - APPEAL # 07-815**

### APPEAL ISSUE:

Appellant filing this complaint alleges that on Sunday, February 18, 2007 J. Ward, Correctional Officer was preparing for yard release unlocking cell doors on the 2nd tier Bayside. Officer Ward and Officer R. Moore were standing in front of the appellant's cell (2-EB-76) when both officers stated, "Going to yard Marlow, and you know we're gonna suicide ya for all that mail." Appellant claims he did not respond to the comments and did not go to the yard that day. Additionally, on Monday, February 19, 2007 Appellant alleges during yard release staff (Officers G. Thomson, C. Love, D. Baine, Z. Clark, D. Chrystaline and other unidentified staff) passed his cell and stated, "Marlow your goanna die for all that mail you send out of San Quentin, you were warned."

### DETERMINATION OF ISSUE:

A review of the allegations of staff misconduct presented in the written complaint has been completed. Based upon this review your appeal has been handled as follows:



☑ PROCESSED AS A STAFF COMPLAINT APPEAL INQUIRY
☐ REFERRED TO THE OFFICE OF INTERNAL AFFAIRS (Note: You will be notified of the conclusion of any internal affairs investigation)

### SUMMARY FOR APPEAL INQUIRY:

You were interviewed on March 13, 2007 by E. Hodgkin, Correctional Lieutenant and stated you have issues of being paranoid. On occasion inmates on your assigned tier (2-EB-76) have told you staff wants you to commit suicide because you send out too much mail. However, Appellant would not identify the inmates by name to support or substantiate his allegations. Additionally, appellant said he overheard staff walk by his cell and threaten him by saying he was going to commit suicide if he did not stop sending out all his mail. During the interview the appellant would not identify staff by name but was extremely apologetic saying he did not want to cause any trouble.

MARLOW, E-32700
2-EB-76, CSP SAN QUENTIN STATE PRISON
Page-2

The reviewer asked the appellant if he has been taking medication and appellant confirmed that he was. The reviewer informed the appellant that he was concerned about appellant's paranoia and that he was going to refer the appellant for a mental health evaluation because of the appellant's self-admission of being paranoid. Appellant stated he did not like talking to the psychologist but nodded his head as if to agree with the referral. Appellant was asked if he had any issues with a specific staff member or had difficulty sending out or receiving his mail, which the appellant confirmed he did not have any issues with staff and has not had any problems with his mail. The following witness(es) were questioned: N/A. The following information was reviewed as a result of your allegations of staff misconduct: Appellant's appeal dated February 19, 2007 and the Confidential Supplement to Appeal.

**FINDINGS FOR AN APPEAL INQUIRY:**
Your appeal is PARTIALLY GRANTED at the ☒ Second level, as an inquiry into your allegation has been conducted. ALL STAFF PERSONNEL MATTERS ARE CONFIDENTIAL IN NATURE. As such, results of any inquiry/investigation will not be shared with staff, members of the public, or inmates. Although you have the right to submit a staff complaint, a request for administrative action regarding staff or the placement of documentation in a staff member's personnel file is beyond the scope of the staff complaint process.

Allegations of staff misconduct do not limit or restrict the availability of further relief via the inmate appeals process. If you wish to appeal the decision, you must submit your staff complaint appeal through all levels of appeal review up to, and including, the Director's Level of Review. Once a decision has been rendered at the Director's Level of Review, your administrative remedies will be considered exhausted.

Please print and sign below:

Warden (Second Level)                                                 Date

On 8-4-07 East Block Death Row SQ
I James. G. Marlow E-32200 Gave A
Note to 3rd Shift c/m Officer MR.
Wagel 2nd Fl Bay cell At About
1:45 or 2:00 Pm
which stated that I'm Afraid I'll be
Killed As A Staged suicide, By Staff
I meane'd

And I Need to see the SQ Hospr
on Call Psych Dr.
Who I do not trust Very much
As. A/w MR. O'Aevery who has Raomged
on 7-13-07 to have me Killed ~ VIA
His CDC. Lt's SGt's and officers As
well As inmates on Psych staff
For not giving up my Main on food
when staff have ordered it.
off And on over the years At SQ
And CMF. I swear All Is true And I'll
Never Kill self on Another in Prison  J-G,
                                        Marlow

EAST BLOCK

officer ins Ruton And many others Are Now talkinD baD About CAPt. Ricw Fox — And that MR. DiDACANby the A/w has takeN ovER the marlow kill/control ProGram —

this is cA. Dept. of Connections Policy — For certin Prisoners At certin times to Give up their state Food And U.S. stamped mail.

so — Even if this Parson was filled up with New staff from low level low security Persons — they would Play the same Politics As the old sq/cmf — etc. staff

mail Control/Food Control on marlow and others or else! stageD suicide — induceD heartateck's — shootinGs — And set-ups. etc. stageD fatal AccidEnts — induced illnesses —

DEath or harm by any means nEcessary For not GivinG up mail And Food.

this has GoNe on For YEArs at sq. diffErent staff/ same Game.

c.D.c. will often Play little staff switch Games To Fool everyone And still do the same stuff

I Remain Now suicidal etc. GooD hEalth no matter what! RespectfilLy

E-32200

PO Box 942883
Sacramento, CA. 94283-0001
602 Appeal Log # 07-00815 And Attachments.


James G. Marlow E-32700
San Quentin State Prison CA. 94974
Condemned Row-


Dear Staff
        I respectfully submit, that many C.D.C
Staff- Like current Asso. warden Mr. D. Dacanay
And Capt. R.W. Fox Personally threaten me over

My out of Prison mail! sometimes, the Pressure
will stop For A while - And different staff
will Again take up the No mail For Marlow

And if Marlow continues to Accept even
offered state food - he will be killed As
Prewarned or by Any means Necessary -

And All staff will have to do is conduct a
usual 30 day cover up investigation.

Some mental health staff are the pupets of
CDC. costudy officals - make false reports - give
meds when their really not Required -

I only want to live- And without the theat of harm
For my freedom of speech and 14th amend Due
Process - Like every one else.    Respectfully
                                    J. G. Marlow E-32700

*(left margin, written vertically):* Note, Prisoners are not my prob Perm! it is costudy staff.

**FEDERAL PUBLIC DEFENDER**
CENTRAL DISTRICT OF CALIFORNIA
321 EAST 2nd STREET
LOS ANGELES, CALIFORNIA 90012-4202
213-894-2854
213-894-0081 FAX

**SEAN K. KENNEDY**
*Federal Public Defender*

**MARK R. DROZDOWSKI**
*Supervising Attorney*
*Capital Habeas Unit*

Direct Dial: 213-894-5059

August 10, 2007

Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief Inmate Appeals

Re:    James Gregory Marlow
       CDC No. E-32700
       San Quentin State Prison

To Whom It May Concern:

Enclosed, please find an appeal of a Form 602 that my client, Mr. Marlow, wishes to file. I also enclose attachments that Mr. Marlow wishes to include.

Please feel free to address your response to my attention, or to Mr. Marlow directly. Mr. Marlow and I look forward to your attention to this matter.

Sincerely,

Alexandra Yates
Deputy Federal Public Defender

Encl.

cc: James Gregory Marlow

```
REPORT ID: TS3030                                      REPORT DATE: 07/25/07
                                                       PAGE NO:        1
                        CALIFORNIA DEPARTMENT OF CORRECTIONS
                              SAN QUENTIN PRISON
                          INMATE TRUST ACCOUNTING SYSTEM
                          INMATE TRUST ACCOUNT STATEMENT

                    FOR THE PERIOD: FEB. 01, 2007 THRU JUL. 25, 2007
ACCOUNT NUMBER : E38700
ACCOUNT NAME   : MARLOW, JAMES GREGORY          BED/CELL NUMBER: EB2 00000000076S
PRIVILEGE GROUP: D                              ACCOUNT TYPE: I
                          ------ TRUST ACCOUNT ACTIVITY ------
     TRAN
DATE CODE  DESCRIPTION   COMMENT    CHECK NUM  DEPOSITS   WITHDRAWALS   BALANCE
```

| DATE | TRAN CODE | DESCRIPTION | COMMENT | CHECK NUM | DEPOSITS | WITHDRAWALS | BALANCE |
|---|---|---|---|---|---|---|---|
| 02/01/2007 | | BEGINNING BALANCE | | | | | 0.30 |
| 02/06 | FR01 | CANTEEN RETUR | 602812 | | | 0.47- | 0.77 |
| 03/01 | D300 | CASH DEPOSIT | 3040/R&R | | 150.00 | | 150.77 |
| 03/10 | W535 | DENTAL CHARGE | 3160/1/17 | | | 5.00 | 145.77 |
| 04/18 | D300 | CASH DEPOSIT | 3609/R&R | | 50.00 | | 195.77 |
| 05/07 | FC03 | DRAW-FAC 3 | 3781LCKUP1 | | | 50.00 | 145.77 |
| 05/09 | W413 | CASH WITHDRAW | 3809MARLOW | 187066678 | | 150.00 | 4.23- |
| 06/05 | FR01 | CANTEEN RETUR | 604141 | | | 0.30- | 3.93- |

```
                          TRUST ACCOUNT SUMMARY
  BEGINNING      TOTAL         TOTAL       CURRENT      HOLDS      TRANSACTIONS
   BALANCE      DEPOSITS     WITHDRAWALS   BALANCE     BALANCE     TO BE POSTED
  ---------    ---------    -----------   --------    --------    ------------
     0.30       200.00        204.23        3.93-       0.00          0.00

                                                        CURRENT
                                                        AVAILABLE
                                                        BALANCE
                                                       ----------
                                                          3.93-
```

THE WITHIN INSTRUMENT IS A CORRECT
COPY OF THE TRUST ACCOUNT MAINTAINED
BY THIS OFFICE.  7-25-07
ATTEST:
CALIFORNIA DEPARTMENT OF CORRECTIONS
BY _Carri Clark_
   TRUST OFFICER