**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES GREGORY MARLOW, | No. C 07-03655 CW (PR) |
| Plaintiff, | ORDER OF DISMISSAL |
| v. | |
| ROBERT L. AYERS, Warden, et al., | |
| Defendants. | |

Plaintiff James Gregory Marlow, a state prisoner, filed the present pro se civil rights action pursuant to 42 U.S.C. § 1983 alleging a constitutional rights violation while incarcerated at San Quentin State Prison (SQSP).  He has been granted leave to proceed in forma pauperis.

On November 27, 2007, Plaintiff filed another civil rights action, Marlow v. Ayers, et al., C 07-05965 CW (PR), in which he refers to his first action and repeats his previously raised allegations.

On December 7, 2007, Plaintiff filed a letter requesting to "combine both civil 1983 cases together," which the Court construed as a motion to consolidate the two actions.

On April 29, 2008, the Court issued an Order Consolidating Actions and Dismissing Amended Complaint with Leave to Amend.  The Court directed the Clerk of the Court to consolidate these cases into the lower case number, Case No. C 07-03655 CW (PR).

United States District Court
For the Northern District of California

1   Plaintiff's complaint in Case No. C 07-05965 CW (PR) was filed as
2   an "Amended Complaint" in Case No. C 07-03655 CW (PR), and it was
3   considered to be the operative complaint in this action.  Case No.
4   C 07-05965 CW (PR) was then administratively closed.  The Court
5   conducted an initial screening of the amended complaint pursuant to
6   28 U.S.C. § 1915A(a).  The Court found that, liberally construed,
7   Plaintiff's allegations in his first amended complaint presented a
8   cognizable claim under 42 U.S.C. § 1983 for the violation of his
9   constitutional rights based on the use of threats of immediate
10  deadly harm.  In the section of the complaint form where he set
11  forth his allegations Plaintiff identified SQSP Associate Warden D.
12  Dacanay, SQSP Capt. R.W. Fox, SQSP Lt. Pickett, and SQSP Sgt. Holt.
13  In the section of the complaint form where Plaintiff was asked to
14  write the names of all Defendants he also named SQSP Warden R.L.
15  Ayers and SQSP Lt. Lee.  However, the Court found that Plaintiff
16  had not linked Defendants Ayers, Dacanay, Fox, Pickett, Holt and
17  Lee to his allegations involving the use of threats of immediate
18  deadly harm; therefore, all claims again these Defendants were
19  dismissed with leave to amend.  The Court concluded that
20  Plaintiff's claim of threats of immediate deadly harm could not
21  proceed against these Defendants unless Plaintiff amended his
22  complaint to cure this pleading deficiency.  The Court also
23  dismissed all claims against "many officers and some psych staff,"
24  who were not individually named.  Plaintiff was granted thirty days
25  from the date of that Order to file a second amended complaint and
26  to cure the deficiencies identified by the Court.
27       Plaintiff subsequently filed a second amended complaint.
28  Plaintiff alleges that on June 11, 2008, "Capt. Grundy and Lt.

2

Arnold came by [his] cell . . . the Capt. said Marlow if you turn in any mail you will hang or be sent back to CMF Vacaville, CA 'mind dead.'"  (Second Am. Compl. at 3.)  In that same document, Plaintiff states, "Mr. Dacanay said we will kill you in Vacaville or SQ any time we want to.  Capt. R.W. Fox stated on Dec. 3rd I will have you killed by other before you get any help!"  (<u>Id.</u>)

The allegations asserted against the proposed additional Defendants, Capt. Grundy and Lt. Arnold, can be categorized as post-complaint, because they involve events that occurred after the events complained of in the initial complaint.  These allegations are unrelated to the gravamen of Plaintiff's initial complaint, which concerns threats of immediate deadly harm in 2007.  However, under Rule 15 of the Federal Rules of Civil Procedure, Plaintiff may amend as of right at any time prior to the filing of a responsive pleading.  <u>See</u> Fed. R. Civ. P. 15(a).  Accordingly, the Court GRANTS Plaintiff's request to amend his complaint to add the above claims against Defendants SQSP Capt. Grundy and SQSP Lt. Arnold.

Plaintiff claims that Defendants Grundy and Arnold threatened that he would "hang" or "be sent back . . . 'mind dead'" if he "turn[ed] in any mail."  (Second Am. Compl. at 3.)  The Court notes that Plaintiff has filed numerous prior complaints, in which he has made identical claims.  <u>See e.g.</u>, <u>Marlow v. Woodford</u>, Case No. C 99-2565 CW (PR) (death threats);  <u>Marlow v. Calderon</u>, Case No. C 98-4793 CW (PR) (death threats and staged suicides); <u>Marlow v. Calderon</u>, Case No. C 98-0821 CW (PR) (prisoners being poisoned, staged suicides); <u>Marlow v. Calderon</u>, Case No. C 95-0741 CW (PR) (death threats).  He repeatedly alleges that correctional officials

**United States District Court**
For the Northern District of California

3

are threatening to kill him.  To date, Plaintiff has not been harmed.  The Court finds that Plaintiff's claims against Capt. Grundy and Lt. Arnold, at most, present a noncognizable claim of verbal harassment.  See e.g., Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987) (mere threat does not constitute constitutional wrong, nor do allegations that naked threat was for purpose of denying access to courts compel contrary result).  Accordingly, these claims are DISMISSED for failure to state a claim for which relief may be granted.

Turning to Plaintiff's attempt to amend his claims against Defendants Dacanay and Fox, the Court has reviewed his second amended complaint and finds that it does not cure the pleading deficiency identified in the Court's Order dismissing the first amended complaint with leave to amend.  The Court directed Plaintiff to link the named Defendants to his allegations involving the use of threats of immediate deadly harm.  However, the second amended complaint simply reiterates the same vague allegations against Defendants Dacanay and Fox that were stated in the first amended complaint.  Plaintiff has also failed to amend his claims against Defendants Ayers, Pickett, Holt and Lee.  Therefore, Plaintiff's claims against Defendants Ayers, Dacanay, Fox, Pickett, Holt and Lee are DISMISSED with prejudice and without leave to amend.

CONCLUSION

For the foregoing reasons and good cause shown, the Court orders as follows:

1.   The Court GRANTS Plaintiff's request to amend his complaint to add claims against Defendants Grundy and Arnold.

4

**United States District Court**
For the Northern District of California

1    2.   Plaintiff's claims against Defendants Grundy and Arnold

2    are DISMISSED with prejudice and without leave to amend.

3    3.   Plaintiff's claims against Defendants Ayers, Dacanay,

4    Fox, Pickett, Holt and Lee are DISMISSED with prejudice and without

5    leave to amend.

6    4.   The Clerk of the Court shall terminate all pending

7    motions and close the file.

8    IT IS SO ORDERED.

9

Dated:   12/15/08



10                                           CLAUDIA WILKEN
                                             UNITED STATES DISTRICT JUDGE
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

JAMES GREGORY MARLOW,

        Plaintiff,

  v.

ROBERT L. AYERS et al,

        Defendant.

_____/

Case Number: CV07-03655 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on December 15, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

James Gregory Marlow E-32700
San Quentin State Prison
San Quentin,  CA 94974

Dated: December 15, 2008

                  Richard W. Wieking, Clerk
                  By: Sheilah Cahill, Deputy Clerk

United States District Court
For the Northern District of California